UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASSANDRA S. REID,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 10-13776

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE MONA K.
MAJZOUB

**ORDER ADOPTING REPORT AND RECOMMENDATION [34] AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [30] AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [31] AND REMANDING TO ADMINISTRATIVE LAW JUDGE**

On July 18, 2012, Magistrate Judge Majzoub issued a Report and Recommendation ("R&R") [34] recommending that Plaintiff's Motion for Summary Judgment [30] be granted and Defendant's Motion for Summary Judgment [31] be denied. Defendant filed an Objection [36] on August 15, 2012. Plaintiff filed a Response [37] to the Objection on August 29, 2012.

1

## Factual Background

The R&R contains a detailed explanation of the factual background of this case, and the Court adopts the factual background as set out in the R&R in full.

## Standard of Review

This Court reviews objections to an R&R on a dispositive motion *de novo. See* 28 U.S.C. §636(b)(1)(c). Making some objections to an R&R, but failing to raise others, will not preserve all objections a party may have to the report and recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006). Objections that are filed must be specific. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006).

In reviewing an Administrative Law Judge's (ALJ) decisions, 42 U.S.C. § 405(g) provides that the ALJ's "factual findings are conclusive if supported by substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)) (internal quotation marks omitted); *Richardson v. Perales*,

402 U.S. 389, 401 (1971). In order to determine "whether the Secretary's factual findings are supported by substantial evidence, we must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). So long as the conclusion is supported by substantial evidence, "this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

## Analysis

Defendant objects only to the portion of the R&R recommending remand due to the ALJ's lack of explanation regarding why Plaintiff's severe impairment was not medically equal to a "listed impairment." Plaintiff does not object to the R&R.

To assess disability, an ALJ must engage in a five-step sequential evaluation. 20 C.F.R. §§ 404.1520, 416.980 (2012). The step at issue in this case is the third step in this sequential analysis. At Step Three, the ALJ assesses whether an impairment found to be severe in Step Two "meets or equals one of our listings in appendix 1 to subpart P of part 404." 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the

severe impairment does meet one of the listings, then the claimant is considered disabled and is entitled to benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

In the R&R the Magistrate Judge noted that while the ALJ completed Step Two and found that Plaintiff has the severe impairment of degenerative disc disease in her lumbosacral spine with radiculopathy, the ALJ went on to conclude without any explanation or analysis that the Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments . . . ." The ALJ did not provide any explanation as to what listing or listings he compared Plaintiff's impairment to, and did not discuss or compare Plaintiff's severe impairment in the context of any of the listed impairments. As such, the ALJ essentially skipped over Step Three.

As noted by the Magistrate Judge, the Sixth Circuit has require remand due to an ALJ's failure to provide any analysis as to whether a claimant's physical impairments meet or equal a particular listing at Step 3. Such omission is significant because if a claimant's impairment is found to be medically equal to a listed impairment, they are considered disabled within the meaning of the regulations and are entitled to benefits. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 415 (6th Cir. 2011) ("Ultimately, the ALJ failed to analyze [the claimant's] physical condition

4

in relation to the Listed Impairments. Put simply, he skipped an entire step of the analysis."). In *Reynolds* the court determined that "[b]ecause we have no way to review the ALJ's hopelessly inadequate step three ruling, we will vacate and remand the case for a discussion of the evidence . . . ." *Id.* (quoting *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000).

In the instant case, the ALJ's analysis was less explicit than even in *Reynolds*. In *Reynolds* the ALJ specifically noted at the beginning of his step analysis which listings he was comparing the claimant to, sections 1.00 and 12.00, and in fact set out a full-page assessment of the claimant's mental impairment as related to Listing Subsection 12.04. However, the Sixth Circuit required remand because the ALJ provided "[n]o analysis whatsoever . . . as to whether [claimant's] physical impairments . . . met or equaled a Listing under section 1.00, despite his introduction concluding that they did not." In the instant case, as noted above, the ALJ did not specifically state which listings he was comparing Plaintiff's severe impairment to, and did not provide any analysis as to why Plaintiff's impairments were not comparable to any listed impairment.

Defendant objects to the R&R, arguing that the ALJ's bare conclusion was sufficient to satisfy Step Three. Defendant does not address, or even mention, the

holding in *Reynolds*, 424 F. App'x 411, discussed above. Instead, Defendant argues that Step Three requires "minimal articulation" of the ALJ's reasoning, citing to *Price v. Heckler*, 767 F.3d 281, 284 (6th Cir. 1985). *Price v. Heckler* concerns an ALJ's determination of whether a widow of a wage-earner was entitled to survivor social security benefits based on her disability. The case does not discuss, in any way, the five-step analysis required by 20 C.F.R. §§ 404.1520 and 416.980. No mention of Step Three is made, nor is the phrase "minimal articulation" used. *Price* is therefore irrelevant to the instant case.

Defendant also argues that Plaintiff relies on a case from the Third Circuit, *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000). While that may be so, Defendant fails to grapple with the fact that the reasoning in *Burnett* was explicitly endorsed by the Sixth Circuit in *Reynolds*, 424 F. App'x at 415.

Defendant's objection has failed to demonstrate that the ALJ's Step Three analysis was supported by substantial evidence and is therefore denied.

## Conclusion

The Court having reviewed the record in this case, the Report and Recommendation [34] of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court. Defendant's Motion for Summary Judgment

[31] is **DENIED**. Plaintiff Motion for Summary Judgment [30] is **GRANTED** and this case is remanded pursuant to 42 U.S.C. § 405(g) for a more thorough Step Three analysis as consistent with this order and the R&R.

**SO ORDERED.**

Dated: September 21, 2012        s/Arthur J. Tarnow
                                 Arthur J. Tarnow
                                 Senior United States District Judge


I hereby certify that a copy of this document was sent to parties of record on September 21, 2012 electronically.


                                 s/ Michael Williams
                                 Relief Case Manager for the
                                 Honorable Arthur J. Tarnow